IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Isaiah Anderson, Jr., | ) | |
| | ) | C.A. No. 6:23-3018-HMH-KFM |
| Plaintiff, | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Captain Patton, Major Brown, | ) | |
| Sgt. C. Neal | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit.  Plaintiff Michael Isaiah Anderson, Jr. ("Anderson"), a pretrial detainee proceeding in forma pauperis, filed this 42 U.S.C. § 1983 action claiming that he was subject to unconstitutional conditions of confinement while housed at the Florence County Detention Center.  (Am. Compl., ECF No. 24.)  On October 24, 2023, Magistrate Judge McDonald issued a report and recommendation recommending dismissal of Anderson's conditions-of-confinement claim for failure to allege facts showing that Defendants acted with "a sufficiently culpable state of mind."  (R&R 4, ECF No. 29.)  Although Anderson timely objected to the report, the court determined that his objections were nonspecific, as they "d[id] not address the substance of the magistrate judge's findings or conclusions and merely restate[d] the factual basis for his claims." (Order 2, ECF No. 33.)  Thus, the court reviewed the report and recommendation for clear error and, finding none, adopted the report in full and dismissed the action with prejudice on November 3, 2023.  (Id., ECF No. 33.)

  On appeal, the Fourth Circuit disagreed with this court's characterization of Anderson's objections, holding that they were "sufficiently sufficient to warrant de novo review," and remanding with instructions to apply the appropriate standard of review.  Anderson v. Brown,

1

No. 23-7152, 2024 WL 1736711, at *1 (4th Cir. Apr. 23, 2024) (unpublished). In reaching its decision, the Fourth Circuit focused on Anderson's statement that "[t]he Administration have to be aware of what going on so that deliberating depriving me of life." Id. This statement, according to the Fourth Circuit, was enough to trigger de novo review because it should have "alerted the district court that he disagreed . . . with the magistrate judge's conclusions regarding the sufficiency of his mental state allegations." Id.

This court regained jurisdiction on May 15, 2024, when the Fourth Circuit issued its mandate. (Mandate, ECF No. 45); United States v. Modanlo, 762 F.3d 403, 408 (4th Cir. 2014) ("A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." (internal quotation marks omitted)). For the reasons below, the court dismisses this action with prejudice, without further leave to amend, and without issuance and service of process.

## I. Legal Standards

### A. Screening Requirements

Because Anderson is proceeding in forma pauperis and is a "prisoner" seeking redress from government employees,[1] his amended complaint is subject to screening under 28 U.S.C. §§ 1915(e) and 1915A. Both statutes require the court to dismiss a complaint that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Whether a complaint fails to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is governed by the same standard used to review motions to dismiss under Federal Rule of Civil

---

[1] The Prison Litigation Reform Act's definition of "prisoner" includes pretrial detainees. 28 U.S.C. § 1915A(c) ("As used in this section, the term 'prisoner' means any person . . . detained in any facility who is accused of . . . violations of criminal law[.]").

2

Procedure 12(b)(6).  Martin v. Duffy, 858 F.3d 239, 248 (4th Cir. 2017); De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "'[D]etailed factual allegations'" are not required, but the plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555).  In addition, although a pro se complaint is "to be liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), it still must contain enough factual allegations "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555; Bing v. Brivo Sys., LLC, 959 F.3d 605, 616, 618 (4th Cir. 2020) ("[L]iberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure.").

### B. Review of a Report and Recommendation

A report and recommendation carries no "presumptive weight," and the responsibility for making a "final determination" remains with the court.  Mathews v. Weber, 423 U.S. 261, 271 (1976).  The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions."  28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground

for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## II. Discussion

Anderson generally alleges that he has been exposed to contaminated drinking water at the Florence County Detention Center, which, he claims, has a "brown water problem[]." (Am. Compl. 4-5, ECF No. 24.) As a result of exposure to the contaminated water, Anderson states that he has developed headaches, kidney stones, and acid reflux. (Id. at 7, ECF No. 24.) For relief, he seeks $365,000, replacement of the facility's plumbing, and water-quality testing. (Id., ECF No. 24.)

The court construes Anderson's allegations as asserting a conditions-of-confinement claim under the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). To prevail on such a claim, Anderson must prove that (1) the complained-of condition "posed a substantial risk of serious harm"; (2) Defendants "intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) Defendants "knew or should have known" both of the condition and "that [their] action or inaction posed an unjustifiably high risk of harm"; and (4) "as a result, [he] was harmed." Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023).[2] Anderson's

---

[2] The report and recommendation applied a subjective deliberate-indifference standard to Anderson's claim based on then-controlling precedent. While this case was on appeal, however, the Fourth Circuit clarified that pretrial detainees may "state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm on the purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive

4

claim fails because he has not plausibly alleged that any of the named Defendants were personally involved in the alleged deprivation of his rights.  See Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018).

Despite naming Captain Patton, Major Brown, and Sergeant Neal in the caption of his amended complaint, Anderson failed to identify any acts or omissions by them, let alone any relating to the allegedly contaminated water at the Detention Center.  He likewise failed to allege facts showing that any of the three Defendants knew or should have known that exposure to the water posed a substantial risk of harm to his health.  The amended complaint's references to "the administration" and "defendants" collectively simply do not give Defendants Patton, Brown, and Neal fair notice of Anderson's claims against them individually.  See Langford v. Joyner, 62 F.4th 122, 125-26 (4th Cir. 2023) (stating that a complaint must contain "sufficient facts to allow the court to infer liability as to *each* defendant" and affirming dismissal of a complaint that "did not identify who the Defendants [were] beyond being employees at [the facility], in what capacity each Defendant interacted with [Plaintiff], or how (or even if) each Defendant was responsible for [Plaintiff's] medical treatment" (emphasis in original)).  Thus, even liberally construed, Anderson's amended complaint fails to state a claim for relief and must be dismissed.

### III. Conclusion

After reviewing the objected-to portions of the report and recommendation de novo and the remainder for clear error, the court adopts Magistrate Judge McDonald's report and recommendation to the extent it is consistent with this order and incorporates it herein.  This

---

governmental purpose' or is 'excessive in relation to that purpose.'"  Short v. Hartman, 87 F.4th 593, 608-611 (4th Cir. 2023) (quoting Kingsley v. Hendrickson, 578 U.S. 389, 398 (2015)).  In other words, a pretrial detainee alleging deliberate indifference no longer needs to show that a defendant actually knew of and disregarded a substantial risk of harm to the detainee, as is required in the Eighth Amendment context.  Id. at 611-12.

action is dismissed with prejudice, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
May 15, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.